ANNALISA N. GRANT, ESQ.
Nevada Bar No. 11807
CHIU & FERRIS
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Phone: (702) 940-3529
Fax: (855) 429-3413
annalisa.grant@aig.com

Attorney for Defendant
Bank of America, N.A.

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BARBARA MOMEYER,

Plaintiff,

vs.

BANK OF AMERICA, N.A., a national banking association; JOHN DOE I; and DOES I through X, and ROE BUSINESS ENTITIIES I through X, inclusive,

Defendants.

**CASE NO.: 2:14-cv-01608-GMN-GWF**

**STIPULATED PROTECTIVE ORDER**

**WHEREAS, Plaintiff BARBARA MOMEYER ("Plaintiff") has brought this action against Defendant BANK OF AMERICA, N.A. ("Defendant") alleging personal injuries; and;**

**WHEREAS, the parties agree that a protective order would facilitate production and receipt of information sought in the course of this litigation pursuant to pretrial discovery requests to protect the privacy interests of non-parties to this litigation, trade secrets, and/or commercial and financial information which may be contained in those records;**

**IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendant, through their undersigned counsel, as follows:**

. . .

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

**A. INFORMATION SUBJECT TO THIS STIPULATION**

All "Confidential Information" produced or exchanged in the course of this litigation pursuant to pretrial discovery requests shall be deemed confidential and proprietary information which shall be used solely for the purpose of this litigation. Any information designated as Confidential Information shall not be revealed, disclosed, or made available for inspection and copying to any person, except for "Qualified Persons" as defined herein, without express written consent of the producing party or except as required to be disclosed by law or Court order. The "producing party" as used herein means any party who produced Confidential Information.

"Confidential Information" as used herein includes any type or classification of information which is designated as confidential by the producing party, whether it be a document, information contained in a document, information revealed in an interrogatory, interrogatory answer, transcript or otherwise.

With respect to the Confidential portion of any Disclosure Material other than deposition transcripts and exhibits, the Producing Party or that party's counsel may so designate such portions by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

Any information designated as set forth in Paragraphs 1 through 4 hereof shall be handled by the receiving party in accordance with this Stipulation. The designation of information under Paragraphs 1 through 3 shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable or by a receiving party that such information is, in fact, a trade secret or confidential research, development or commercial information.

**B. PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL INFORMATION"**

For the purposes of this Order, "Qualified Person" includes: A party, or any officers, employees, or principals of the Parties who are assisting counsel in the prosecution or defense of this Action; The Court, persons employed by the Court and stenographers transcribing the

testimony or argument at a hearing, trial, or deposition in this action; Counsel for the Parties, including any paralegal, clerical and other assistants employed by such counsel and assigned to this matter; Any other person who is designated as a "Qualified Person" by Stipulation of the parties or by Order of this Court, after notice to all parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto. All such persons designated by the Court or by Stipulation shall sign an affidavit undertaking to maintain the confidentiality of the information.

As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; Any potential witness formerly employed by the Parties whom counsel for a party in good faith believes may be called to testify at trial or deposition in the Action; Any person retained by a Party to serve as a testifying or consulting expert in connection with the Action, provided such person has first signed an affidavit undertaking to maintain the confidentiality of the information; Any deponent at such deponent's deposition, provided the examining party makes a good faith effort to obtain the deponent's agreement to abide by this Stipulation; and Such other persons as the parties may agree in writing.

If any Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action, seeking material that has been designated as Confidential by someone other than that party, then the Party receiving the subpoena, demand, or other legal process shall give written notice of such subpoena, request, or demand, by hand or facsimile transmission, within three (3) business days, to counsel for the Producing Party and shall object to the production of the Confidential material to the extent permitted by law. Should the person seeking access to the Confidential material take action against the party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the party or anyone

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

else covered by this Order to challenge or appeal any order requiring production of Confidential material, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

Prior to any disclosure of any Confidential material to any person referred to in subparagraphs 5(f), 5(g), or 5(h), such person shall be provided by counsel with a copy of this Stipulation and shall sign a Non-Disclosure Affidavit stating that that person has read this Stipulation and agreed to be bound by its terms. Said counsel shall retain the original of each signed Non-Disclosure Affidavit, and produce them to opposing counsel, upon his or her request, prior to any such person being permitted to testify (as deposition or trial).

**C. LIMITATIONS ON THE USE OF "CONFIDENTIAL INFORMATION"**

Persons subject to this Stipulation may not disclose Confidential Information except as expressly permitted hereunder and shall not use Confidential Information for any purposes other than for the prosecution or defense of this litigation.

Nothing in this Stipulation shall prohibit the transmission or communication of Confidential Information between or among Qualified Persons by hand delivery, face to face conference; or in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone, telegram, facsimile, email, or other electronic transmission system, if, under the circumstances there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

Confidential Information shall not be copied or otherwise produced by a receiving party, except for transmission to Qualified Persons, without the written permission of the producing party, or in the alternative, by further order of the Court. Nothing herein shall, however, restrict a Qualified Person from making working copies, abstracts, digests and analyses of Confidential Information for use in connection with this action and such working copies, abstracts, digests and analyses shall have the designated status of the source documents for purposes of this stipulation.

. . .

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

Nothing herein shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his client with respect to this action, and in the course thereof, from generally referring or relying upon his examination of documents which have been produced hereunder and which contain Confidential Information. The restrictions set forth in any of the preceding paragraphs hereof shall not apply to: any information which at the time of the disclosure to a receiving party is in the public domain; any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; any information which a receiving party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or any information which a receiving party can show was independently developed by it after the time of disclosure.

Nothing in this Order shall prevent a receiving party from contending that any or all Confidential Information is not confidential. Any receiving party may at any time request the producing party to cancel the Confidential Information designation with respect to any document, object and/or information and to agree that thereafter such document, object and/or information is to be no longer so classified for purposes of this stipulation. Such request shall be written, shall be served on counsel for the producing party and shall particularly identify the material that the receiving party contends is not confidential. The producing party shall respond to such request in writing within five (5) days after receipt thereof. If the producing party does not agree to cancel the Confidential Information designation with respect to the document, object and/or information, the receiving party may move for a further protective order from the Court. Nothing in this Stipulation shall preclude the receiving party from seeking reasonable costs and attorneys' fees incurred in connection with such motion in the event the producing party has not acted reasonably and in good faith, or otherwise. At a hearing with respect to such further protective order, the producing party shall have the burden of persuading the court that good cause exists for the designation of Confidential Material. This Stipulation shall be without

prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground other than the presence of Confidential Information.

**D. MISCELLANEOUS PROVISIONS**

Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

Upon final termination of this action, including all appeals, each party shall return to the producing party all physical objects and documents which embody Confidential Information and which were received from the producing party, and shall destroy, in whatever form stored or reproduced, all copies. A party may retain its work product, such as pleadings, correspondence and memoranda, which contain or refer to Confidential Information provided that all such Confidential Information shall remain subject to this Stipulation.

This Stipulation is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Stipulation when convenience or necessity requires.

The parties also may amend or modify any provision of this Stipulation by mutual written agreement. Nothing shall prevent disclosure beyond the terms of this Stipulation if the party designating the information as Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

Nothing contained herein shall prevent any Producing Party from disclosing or using its own Confidential Information in any manner it chooses. The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or

. . .

. . .

. . .

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413

as to any other information relating thereto or on the same or related subject matter.

IT SO STIPULATED

| DATED this 25th day of June, 2015.<br><br>/s/ *Annalisa N. Grant*<br>__________________________<br>ANNALISA N. GRANT, ESQ.<br>Nevada Bar No. 011807<br>CHIU & FERRIS<br>7455 Arroyo Crossing Parkway, Suite 300<br>Las Vegas, Nevada 89113<br>Phone: (702) 940-3529<br>Fax: (855) 429-3413<br>annalisa.grant@aig.com<br><br>Attorney for Defendant<br>Bank of America, N.A. | DATED this 25th day of June, 2015.<br><br>/s/ *Lawrence Ruiz*<br>__________________________<br>LAWRENCE RUIZ, ESQ.<br>Nevada Bar No. 11451<br>RUIZ LAW FIRM<br>3175 S. Eastern Avenue<br>Las Vegas, Nevada 89169<br>Phone: (702) 465-5196<br>Fax: (702) 446-8500<br><br>Attorney for Plaintiff |
|---|---|

**IT IS SO ORDERED.**

George Foley Jr.
__________________________
GEORGE FOLEY, JR.
United States Magistrate Judge

DATED: June 26, 2015

Chiu & Ferris
7455 Arroyo Crossing Parkway, Suite 300
Las Vegas, Nevada 89113
Telephone No. (702) 940-3529
Facsimile No. (855)429-3413