UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA MOMEYER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A., a national ) <br> banking association; JOHN DOE I; and ) <br> DOES I through X, and ROE BUSINESS ) <br> ENTITIIES I through X, inclusive, ) <br> ) <br> Defendants. ) | Case No.: 2:14-cv-01608-GMN-GWF <br><br> **ORDER** |

Pending before the Court is a Motion to Reconsider (ECF No. 24) filed by Plaintiff Barbara Momeyer ("Plaintiff"). Defendant Bank of America, N.A. ("Defendant") filed a Response. (ECF No. 31).

I. **BACKGROUND**

Plaintiff allegedly tripped and fell over a crack in the cement outside of a Bank of America located at 1140 E. Desert Inn Rd., Las Vegas, Nevada on June 12, 2012. (Compl. ¶¶ 6–7, ECF No. 1–1). During discovery, Plaintiff requested Defendant provide "any and all documents pertaining to any changes, modifications, repairs, and/or maintenance to the area where the subject incident occurred from the date of the incident to the present." (Mot. Reconsider 3:1–4, ECF No. 24). Defendant did not respond to Plaintiff's discovery requests to Plaintiff's satisfaction. (*Id.* 3:5–9). Plaintiff filed a Motion to Compel (ECF No. 15) after Plaintiff and Defendant failed to resolve the discovery issues on their own (*Id.* at 3:10–16).

On April 9, 2015, Magistrate Judge George Foley, Jr. heard Plaintiff's Motion to Compel and ruled that documents merely showing that the crack was repaired were not discoverable because such evidence would be inadmissible at trial as a subsequent remedial

measure. (*See* Audio of Apr. 9, 2015 Hearing, 9:52:09AM–9:55:07AM). Plaintiff subsequently filed the instant Motion to Reconsider. (ECF No. 24).

## II.  LEGAL STANDARD

Local Rule IB 3–1 provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil ... case ... where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." A ruling is clearly erroneous if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992). The district judge may affirm, reverse, modify, or remand with instructions the ruling made by the magistrate judge. LR IB 3–1(b).

## III.  DISCUSSION

Plaintiff argues that Judge Foley erred when he "denied Plaintiff's Motion to Compel discovery of any and all documents pertaining to any changes, modifications, repairs, and/or maintenance to the area where the subject incident occurred from the date of the incident to the present. (Mot. to Reconsider 3:17–22, ECF No. 24). However, Plaintiff misinterprets Judge Foley's ruling. At the hearing, Plaintiff argued for the discoverability of pictures, reports, and documentation related to subsequent remedial measures solely for the purposes of determining the dimensions of the crack. (*See* Audio of Apr. 9, 2015 Hearing, 9:53:13AM–9:53:43AM). While Judge Foley held that such evidence merely showing that the crack had been repaired would not be discoverable, he also held that evidence related to subsequent remedial measures containing information related to the dimensions of the crack would be discoverable as Plaintiff requested. (*See id.*, 9:53:43AM–9:55:07AM). Thus, Judge Foley merely limited discovery related to subsequent remedial measures to what Plaintiff requested at the hearing—documents that demonstrated the dimensions of the crack. (*See id.*, 9:53:13AM–9:55:07AM). Accordingly, because Plaintiff's arguments are premised on a misstatement of Judge Foley's

holding, the Court finds that Plaintiff failed to meet her burden to show that the ruling was "clearly erroneous" or "contrary to law."

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 24) is **DENIED**.

DATED this __18__ day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge